UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK A. MITCHELL,

        Plaintiff,

   v.

M. LINGGI, et al.,

        Defendants.

No. 2: 13-cv-2055 KJN P

ORDER

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

1    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2    true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

3    pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

4    (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5         On October 3, 2013, plaintiff filed the original complaint.  On November 21, 2013,

6    plaintiff filed a "supplement" to his complaint.  Local Rule 220 requires that a complaint be

7    complete in itself without reference to any other pleading.  In other words, piecemeal amendment

8    of complaints is not permitted.  Accordingly, the court may not consider the claims contained in

9    plaintiff's supplemental pleading.  For this reason, the supplement is disregarded.  Plaintiff is

10   granted thirty days to file an amended complaint containing all of his claims against all

11   defendants.  If plaintiff does not file an amended complaint, the court will screen the original

12   complaint.

13        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

14   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

15   Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

16   named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is

17   some affirmative link or connection between a defendant's actions and the claimed deprivation.

18   Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

19   (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

20   rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21   In other words, plaintiff must link each defendant to the alleged deprivation.  Plaintiff may not

22   rely on exhibits to state his claims.

23        In accordance with the above, IT IS HEREBY ORDERED that:

24        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

25        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

26   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

27   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

28   Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

      3. Plaintiff is granted thirty days to file an amended complaint; if plaintiff does not file an amended complaint within that time, the court will screen the original complaint;

      4. If plaintiff files an amended complaint, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

          a. The completed Notice of Amendment; and

          b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Dated:  December 5, 2013

                                                  KENDALL J. NEWMAN
                                                  UNITED STATES MAGISTRATE JUDGE

mitch2055.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK A. MITCHELL, | No. 2: 13-cv-2055 KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| M. LINGGI, et al., | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____   Amended Complaint

                                          _____
                                          Plaintiff