UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK A. MITCHELL, | No. 2: 13-cv-2055 KJN P |
| Plaintiff, | |
| v. | ORDER |
| M. LINGGI, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On October 10, 2013, plaintiff consented to the jurisdiction of the undersigned. (ECF No. 4.) On December 5, 2013, the undersigned granted plaintiff's request to proceed in forma pauperis. (ECF No. 8.) The undersigned also granted plaintiff thirty days to file an amended complaint; if plaintiff did not file an amended complaint within that time, the undersigned would screen the original complaint. (Id.)

On January 3, 2014, plaintiff filed a document titled "Peremptory Challenge." (ECF No. 15.) Plaintiff states that he is objecting to any further rulings by the undersigned and requests that a district judge be appointed. The undersigned construes plaintiff's January 3, 2014 pleading as a request for recusal and as a request to withdraw his consent to the jurisdiction of the undersigned.

////

////

1

<u>Request for Recusal</u>

*Legal Standard*

A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1). Remarks made during the course of a judicial proceeding that are critical or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism as to make fair judgment impossible." <u>Liteky v. United States</u>, 510 U.S. 540, 554 (1994.) The decision regarding disqualification is made by the judge whose impartiality is at issue. <u>In re Bernard</u>, 31 F.3d 842, 843 (9th Cir. 1994).

Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." <u>Liteky</u>, 510 U.S. at 541. "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." <u>Id.</u> at 555. Bias is not found where the judge has expressed anger or dissatisfaction or annoyance that are within the bounds of reasonable behavior. <u>Id.</u>

*Analysis*

Plaintiff alleges that on October 21, 2013, he received an order accusing him of failing to submit his in forma pauperis application. Plaintiff alleges that he filed an in forma pauperis application with his original complaint.

Plaintiff is correct that he filed an in forma pauperis application with his original complaint. (ECF No. 3.) On October 21, 2013, the undersigned dismissed this in forma pauperis application because the certificate portion of the request was not completed by plaintiff's institution of incarceration. (ECF No. 5.) In addition, plaintiff had not filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. (Id.) The dismissal of plaintiff's original in forma pauperis application was proper.

Plaintiff also objects to a statement in the December 5, 2013 order granting him leave to file an amended complaint. Citing 28 U.S.C. § 1915A(b)(1), (2), the December 5, 2013 order states that the court may dismiss complaints that are "legally 'frivolous or malicious,' that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from suit." (ECF No. 8 at 2.) Plaintiff states that this statement is "legally incorrect." Plaintiff states that he "shepardized" 28 U.S.C. § 1915A and found no reference to dismissal of claims that seek monetary relief from defendants who are immune from suit.

The citation to 28 U.S.C. § 1915A in the December 5, 2013 order is correct. This section authorizes dismissal of complaints which seek monetary relief from defendants who are immune from such relief. 28 U.S.C. § 1915A(b)(2).

This court's actions in this case do not support disqualification. The actions taken were an appropriate response to filings. The court's rulings do not reflect an extreme disposition or deep-seated antagonism. They do not reflect animosity, partiality, or inability to render a fair judgment in the instant action. They do not indicate bias, personal or otherwise, or prejudice, personal or otherwise. Accordingly, plaintiff's request for recusal of the undersigned is denied.

Request to Withdraw Consent

Plaintiff moves to withdraw his consent on the same grounds he moves to recuse the undersigned.

Once a civil case is referred to a Magistrate Judge under 28 U.S.C. § 636(c), the reference can be withdrawn only "for good cause shown on its own motion or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) ("There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge.") Here, there are no circumstances entitling plaintiff to withdraw his consent to the jurisdiction of the Magistrate Judge.

Request for Extension of Time

On December 16, 2013, plaintiff filed a motion for an extension of time to file his application to proceed in forma pauperis. (ECF No. 14.) As discussed above, on December 5, 2013, the court granted plaintiff's request to proceed in forma pauperis. (ECF No. 8.)

3

Accordingly, this motion is denied as unnecessary.

Conclusion

Plaintiff is granted thirty days to comply with the December 5, 2013 order. As discussed in that order, he may file an amended complaint within that time. If plaintiff does not file an amended complaint within thirty days, the court will screen the original complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for assignment of a district judge (ECF No. 15), construed as a motion to withdraw his consent, is denied;

2. Plaintiff's motion for recusal of the undersigned (ECF No. 15) is denied;

3. Plaintiff's motion for an extension of time (ECF No. 14) is denied; and

4. Plaintiff is granted thirty days to file an amended complaint; if plaintiff does not file an amended complaint within that time, the court will screen the original complaint.

Dated: January 9, 2014

mitch2055.rec

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE