UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK A. MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. LINGGI, et al.,<br><br>　　　　　Defendants. | No. 2: 13-cv-2055 KJN P<br><br><br>ORDER |

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On January 9, 2014, the court granted plaintiff thirty days to file an amended complaint. The court ordered that if plaintiff did not file an amended complaint within that time, the court would screen the original complaint.

    Thirty days passed and plaintiff did not file an amended complaint. Accordingly, the court screens the original complaint herein.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
9    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
10   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
11   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
12   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
13   this standard, the court must accept as true the allegations of the complaint in question, Hospital
14   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
15   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
16   McKeithen, 395 U.S. 411, 421 (1969).

17   Named as defendants are M. Linggi, E. Daye, Dr. Moghaddam, J. Bal, E. Daye, L.D.
18   Zamora, Dr. Hamkar, J. Gibson, S. Ali and Medical Appointments Advisor Ken.  Plaintiff seeks
19   money damages and injunctive relief.

20   Plaintiff alleges that on July 15, 2012, he filed an Emergency 602 requesting treatment for
21   his chronic bleeding ulcer and internal pain.  Plaintiff alleges that that defendant Gibson failed to
22   process the grievance as an emergency.  Plaintiff alleges that the failure to process his grievance
23   as an emergency delayed his ability to receive relief and caused him to suffer unbearable pain.

24   A prisoner's Eighth Amendment claim based on an allegation of inadequate medical care
25   only states a constitutional violation if the facts constitute cruel and unusual punishment.  The
26   mistreatment must rise to the level of "deliberate indifference to serious medical needs."  Estelle
27   v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective
28   and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently

2

1  serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294,
2  298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind,"
3  which entails more than mere negligence, but less than conduct undertaken for the very purpose
4  of causing harm.  Farmer, 511 U.S. at 837.  A prison official does not act in a deliberately
5  indifferent manner unless the official "knows of and disregards an excessive risk to inmate health
6  or safety."  Id.

7      Plaintiff has not plead sufficient facts for the court to determine that he has stated a
8  colorable Eighth Amendment claim against defendant Gibson.  Plaintiff does not describe the
9  delay in treatment he received as a result of his grievance being treated as a non-emergency.
10 Without having more information regarding when plaintiff filed the grievance, when he received
11 treatment and the type of treatment plaintiff received, the undersigned is unable to find that
12 plaintiff has stated a colorable Eighth Amendment claim against defendant Gibson.  Accordingly,
13 the claims against this defendant are dismissed with leave to amend.

14     Plaintiff alleges "defendants" failed to provide him with adequate medical care for leg
15 pain and his chronic bleeding ulcer.  However, plaintiff does not describe the conduct or each
16 defendant which allegedly violated his right to adequate medical care.

17     The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

    The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Because plaintiff has failed to link the other defendants to the alleged deprivations, the claims against these defendants are dismissed with leave to amend.  If plaintiff files an amended complaint, he must specifically allege how each defendant violated his constitutional rights. Plaintiff may not rely on exhibits to state his claims.  In other words, the amended complaint must contain plaintiff's factual allegations against defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 10, 2014

Mitch2055.scr

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE